HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEE A. HOLDER,

    Plaintiff,

    v.

CITY OF VANCOUVER,

    Defendant.

Case No. C08-5099RBL

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss. (Dkt. #5). Defendant claims that the court lacks subject matter jurisdiction over this matter by virtue of the *Rooker-Feldman* doctrine. *See Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In addition, Defendant contends that even if this Court has jurisdiction, Plaintiff's claims are barred by virtue of the statute of limitations and res judicata. After reviewing the parties' submissions, the Court hereby GRANTS the Defendant's Motion to Dismiss and DISMISSES this case. The reasons are set forth below.

## II. BACKGROUND

This case pertains to an ongoing battle over whether the Plaintiff rightfully stored his vehicles on his property. The Plaintiff parked several unregistered vehicles behind his home in a rear yard. Neighbors complained to the City of Vancouver and the Plaintiff was eventually cited. The following facts are set forth

in a light most favorable to the non-moving party:

On September 14, 1999, the City of Vancouver cited the Plaintiff for violation of three provisions of the Vancouver Municipal Code: 1) VMC 20.83.300 (open storage), 2) VMC 20. 81.440 (parking on unimproved areas), and 3) VMC 20.11.320 (parking within required setback areas). The City later amended its complaint to include a violations under VMC 8.40.020 (junk keeping) and VMC 8.38.020 (junk vehicles) The Plaintiff appealed the citations to the hearing examiner and several hearings resulted in a finding that the Plaintiff violated VMC 20.83.300 and dismissal of the citations for parking on unimproved areas and parking within required setback areas. The hearing examiner also concluded that he would dismiss the junk vehicle and junk keeping citations if the Plaintiff registered his vehicles. *Complaint*, p. 2 (Dkt. #1). The Plaintiff then appealed to the Clark County Superior Court, which affirmed the hearing examiner's decisions, and remanded the open storage citation to the hearing examiner. The City and Plaintiff agreed that the citations would be dismissed if the Plaintiff did not appeal the superior court's order.

In 2005, the Plaintiff was cited for violation of VMC 17.14.290 (formerly VMC 20.81.440) for parking motor vehicles on unimproved surfaces. The Plaintiff claimed that res judicata precluded the City from citing him because of the decision in the 1999 proceedings. The Plaintiff appealed the citations to the hearing examiner, which resulted in a finding that the Plaintiff violated VMC 17.14.290. The Plaintiff appealed the hearing examiner's final order to the Clark County Superior Court. In his complaint, he also asserted a Land Use Petition Act (LUPA) claim against the City. The trial court upheld the hearing examiner's decision on the VMC 17.14.290 violation, and dismissed the LUPA claim.

The Plaintiff appealed the trial court's decision to the Washington Court of Appeals. The Plaintiff appealed the trial court's affirmation of the hearing examiner's decision regarding the VMC 17.14.290 violation. He did not appeal the trial court's dismissal of the LUPA claim. Holder argued that res judicata barred the City from issuing a notice of civil violation for storing or parking motor vehicles on an unimproved surface. Because LUPA is the exclusive means of judicial review of land use decisions, *see Holder v. City of Vancouver*, 136 Wn. App. 104, 108, 147 P.3d 641 (2006), the court dismissed the Plaintiff's appeal of the VMC 17.14.290 violation. According to the court, challenging the trial court's affirmation of the 17.14.290 violation did not satisfy RAP 2.3(b) for discretionary review. *Id*. at 105-06. The Plaintiff then petitioned the Washington Supreme Court for discretionary review, which denied his request. *Holder*, 162 Wn.2d 1011

(2008).

The Plaintiff filed this lawsuit on February 19, 2008, requesting this Court to reverse the hearing examiner's 2005 order, claiming that the City's parking ordinance is unconstitutionally vague. In addition, he also requests that the Court order the City to refund him all penalties assessed and filing fees, including a $250 fee paid for a 1999 administrative hearing.

### III.  DISCUSSION

**A.  Federal Rule Civil Procedure 12(b)(6) Standard**

A motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) should be granted only if, accepting all of the allegations of material fact as true, and construed in the light most favorable to the nonmoving party, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The plaintiff, however, must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). Dismissal may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.  The Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine**

The Plaintiff admits that he is seeking "a review and decision based upon extrinsic fraud." (Dkt. #6). Put simply, the Plaintiff wants to review what happened at the Clark County Superior Court and at the Washington State Court of Appeals. Furthermore, Holder claims that a *review* of the proceedings will show that the Defendant violated his constitutional rights. *Id*. at p. 12. Even if the Court views all the evidence in the light most favorable to the moving party, it lacks subject matter jurisdiction to *review* the proceedings and reject the findings of hearing examiner Joe Turner. *See Complaint*, p. 12 (Dkt. #1).

The *Rooker-Feldman* doctrine holds that lower United States federal courts do not have subject matter jurisdiction to sit in direct review of state court decisions unless Congress has enacted legislation that

specifically authorizing such relief. *See Rooker*, 263 U.S. at 415-16; *Feldman*, 460 U.S. at 486-87. In this case, the Court lacks subject matter jurisdiction because Congress has not authorized this Court to review a state court decision for code enforcement proceedings. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). The Plaintiff asks the Court to reject Hearing Examiner Joe Turner's 2005 interpretation of Vancouver Municipal Code and accept a prior interpretation by Hearing Examiner Larry Epstein from 2000. The Washington Court of Appeals considered and rejected this very same argument. *Holder v. City of Vancouver*, 136 Wn. App. 104, 108-09 (2006). The Plaintiff admits that he is seeking reversal of the final order entered by the City of Vancouver Hearing Examiner Joe Turner, which the superior court and court of appeals affirmed. *Response*, p. 1, (Dkt. #6). The Plaintiff's claim is not viable in this Court because it violates the *Rooker-Feldman* doctrine.[1] The Court hereby GRANTS the Defendant's Motion to Dismiss and hereby DISMISSES this action.

**C.    Even if the Court had Jurisdiction Over this Matter, the Plaintiff's Civil Rights Claims are Barred by the Statute of Limitations**

On February 19, 2008, the Plaintiff filed this lawsuit, requesting the Court to "order a refund of penalties assessed and filing fees . . . for the administrative hearing in 1999." *Complaint*, p. 12 (Dkt. #1). He is seeking this recovery through 42 U.S.C. § 1983. The Plaintiff's claims are untimely because § 1983 claims are subject to a three-year statute of limitations. *See, e.g., Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). The Plaintiff needed to file this action by February 19, 2005, which he did not. The Plaintiff does not respond to the Defendant's allegation that his claims are barred by the statute of limitations. The Court hereby GRANTS the Defendant's Motion to Dismiss and hereby DISMISSES this action.

---

[1] After the Defendant filed its Motion to Dismiss, the Plaintiff filed a Motion for Leave to Amend its Complaint (Dkt. #10). Because this Court lacks subject matter jurisdiction over this case, the Plaintiff's motion is hereby DENIED as moot.

ORDER
Page - 4

### D. Even if the Court had Jurisdiction Over this Matter, the Plaintiff's Vagueness Challenge is Barred by Res Judicata

The Plaintiff claims that res judicata does not apply in this case because the Defendant cannot show a significant change between the first time he was charged with city code violations and the second. *Response*, p. 6 (Dkt. #6). In addition, the Plaintiff challenges the vagueness of the Vancouver Municipal Code 17.14.290 (parking on unimproved surfaces).

Under res judicata, a final judgment on the merits precludes the parties from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 93 (1980). Accordingly, under Washington law[2], res judicata occurs when a prior judgment has a concurrence of identity with a subsequent action in four respects. There must be identity of 1) subject matter; 2) cause of action; 3) person and parties; and, 4) the quality of the persons for or against whom the claim is made. *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983).

The Plaintiff's constitutional challenge must fail because he had an opportunity at the Washington Court of Appeals to litigate these claims but did not. *See Schoeman v. New York Life Ins. Co.*, 106 Wn.2d 855, 859, 726 P.2d 1 (1986). First, the previous action pertained to a code violation assessed against the Plaintiff for improper parking of his vehicles. The subject matter in this case is identical to the claims Plaintiff litigated before the Washington Court of Appeals. Second, the prior lawsuit arises out of the same facts as the case before the Court. *See Rains*, 100 Wn.2d at 663 (citations omitted). In fact, the Plaintiff admits that the same evidence would be used in both actions. *See Complaint*, pp. 8, 10 (Dkt. #1). Additionally, the Plaintiff raised a constitutional vagueness argument in the proceedings before the hearing examiner in 2005. *Id.* at Exh. F, p. 7.[3] Third, the parties in the prior action are identical to the parties in the subsequent action, thus the third and fourth elements are satisfied. *See Rains*, 100 Wn.2d at 664. The Court hereby GRANTS the Defendant's

---

[2] A Court must apply the law of the state from which the prior action originated. *Allen*, 449 U.S. at 93.

[3] Although the Plaintiff raised a constitutional vagueness challenge of a different ordinance, the Defendant points out that the Plaintiff obviously knew that he could raise a vagueness challenge as a defense in code enforcement proceedings. *Motion to Dismiss*, p. 10 (Dkt. #5).

Motion to Dismiss and hereby DISMISSES this action.

### IV. CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss (Dkt. #5) and DISMISSES this case. The Court lacks subject matter jurisdiction over this case, and even if it had jurisdiction, the Plaintiff's Motion for Leave to Amend (Dkt. #10) is DENIED as moot.

IT IS SO ORDERED.

DATED this 4th day of April, 2008

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE